Yakup Sari SBN: 336030
Sari Law Firm
540 N Golden Cir Dr #303
Santa Ana, CA 92705
Tel No. 949-426-5071
Email: info@sarilaw.us


Attorney for Plainfiff
Ozkurt Cihan Yildiz

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| Ozkurt Cihan Yildiz dba PersonalizedbyQueen an individual; <br><br> Plaintiff, <br><br> vs. <br><br> Saurabh Srivastava dba Cherrycatshop, Does 1-10; <br><br> Defendant, | Case No.: <br><br> COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT |
|---|---|

For its complaint, Plaintiff Ozkurt Cihan Yildiz, hereinafter "PersonalizedbyQueen", by and through its attorneys Sari Law Firm, asserts as follows:

## I. THE PARTIES

1. OZKURT CIHAN YILDIZ is a resident of California Orange County. He owns the PersonalizedbyQueen Etsy Seller Account. PersonalizedbyQueen has been, at all

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 1

times relevant herein, engaged in the creation and sale of personalized items and gifts, operating primarily through the online marketplace, Etsy Inc., hereinafter "Etsy." The business focuses on offering unique, custom-made products tailored to individual preferences, which include but are not limited to personalized home decor, apparel, and accessories. PersonalizedbyQueen has established a reputation for originality and quality, catering to a diverse clientele across the United States.

2. Plaintiff believes and is informed that SAURABH SRIVASTAVA trading as Cherrycatshop, hereinafter "Cherry", and owns Cherry located at 444 Alaska Avenue, Suite #BPN002 Torrance CA 90503, USA. Cherry alleged copyright infringement against PersonalizedbyQueen and claims copyright ownership over certain designs or products that are alleged to have been infringed upon by PersonalizedbyQueen.

3. Plaintiff believes and is informed that Cherrycatshop, hereinafter "Cherry", is located at 444 Alaska Avenue, Suite #BPN002 Torrance CA 90503, USA. Cherry alleged copyright infringement against PersonalizedbyQueen and claims copyright ownership over certain designs or products that are alleged to have been infringed upon by PersonalizedbyQueen.

4. The true names and capacities of the defendants named herein as DOES 1 through 10, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues said defendants by said fictitious names. Plaintiff is informed and

believes, an thereon alleges, that each of the defendants designated herein as DOE is legally responsible for the events and happenings hereinafter alleged and legally caused injury and damages proximately thereby to Plaintiff as alleged herein. Plaintiff will seek leave to amend the Complaint when the true names and capacities of said DOE defendants have been ascertained. SAURABH SRIVASTAVA and DOES 1 through 10 are hereinafter collectively referred to as "Defendants."

## II. JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court because this litigation arises under federal statutes, namely the Copyright Act (17 U.S.C. § 101 et seq.) for copyright concerns. Accordingly, jurisdiction is conferred under 28 U.S.C. § 1331, which grants the Court authority over federal questions, and 28 U.S.C. § 1338(a), which pertains specifically to cases involving trademarks and copyrights. Additionally, the Declaratory Judgment Act (28 U.S.C. § 2201) provides a basis for the court's authority to declare the rights and other legal relations of any interested party seeking such declaration, making it applicable for the resolution of the present controversy

6. Personal Jurisdiction over Cherry is established based on the assertion that Cherry engages in business activities that extend to California Jurisdiction, including but not limited to, the operation of an online storefront on Etsy that is accessible to residents within this district. Such activities likely include transactions with residents of this jurisdiction, as well as the use of digital and physical marketing strategies

aimed at customers located herein. These actions provide sufficient minimum contacts with the forum to warrant the exercise of personal jurisdiction in accordance with principles of fair play and substantial justice.

7. Venue is deemed appropriate in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), given that the defendant, Cherry, conducts business that reaches into this jurisdiction. The impact of its alleged infringement claims and the subsequent effects on PersonalizedbyQueen's business operations manifest significantly herein. Therefore, this district holds a substantial connection to the events giving rise to the claim, making it a proper venue for this litigation.

8. An actual controversy has emerged between PersonalizedbyQueen and Cherry, necessitating judicial intervention. The dispute revolves around Cherry's allegations of copyright infringement against PersonalizedbyQueen, specifically targeting certain product listings and designs offered by PersonalizedbyQueen on Etsy. These allegations have led to the suspension of PersonalizedbyQueen's listings based on Cherry's claims. These allegations place PersonalizedbyQueen at risk of significant harm, both financially and in terms of its business reputation. This confrontation underscores the need for a declaratory judgment to resolve the dispute and clarify the parties' rights and obligations under the law.

### III. GENERAL ALLEGATIONS

A. **PersonalizedbyQueen's Product Offerings**

9. PersonalizedbyQueen specializes in creating and selling custom-made, personalized products through the online marketplace Etsy. This range includes, but is not limited to, personalized home décor, apparel, and accessories. Each item is designed to meet the specific requests and preferences of customers, thereby offering a unique, tailored shopping experience.

10. Customers discover PersonalizedbyQueen's products by searching on Etsy's platform. Upon finding an item of interest, they can customize their purchase according to specific personalization options provided by PersonalizedbyQueen. This process often involves selecting colors, entering custom text, or choosing from a variety of design options to create a product that is uniquely theirs.

11. PersonalizedbyQueen has successfully operated on Etsy, establishing a strong presence and loyal customer base.

12. PersonalizedbyQueen has not sought trademark or copyright registration for its brand name or specific product designs due to the bespoke nature of its offerings. Each product is custom-made and personalized, rendering the concept of a single, copyrighted product design impractical.

13. PersonalizedbyQueen received a copyright infringement notice from Cherry on February 06, 2024. **See, Exhibit A.**

14. In response to the infringement notice from Cherry, PersonalizedbyQueen conducted a thorough review of its product listings and designs. This review

confirmed that the designs in question were original creations by PersonalizedbyQueen, developed independently without reference to any copyrighted material claimed by Cherry. Plaintiff's attorney Yakup Sari sent an e-mail to Cherry to resolve this matter on February 6, 2024. However, there is no response as of this Complaint is filed. **See, Exhibit B.**

15. Thereafter, Mr. Sari sent a notice of non-infringement letter to Etsy, Inc at legal@etsy.com on February 08, 2024. However, there is no response as of this Complaint is filed. **See, Exhibit C.**

16. The notice has led to the suspension of PersonalizedbyQueen's listings on Etsy, specifically listing numbers "1672931557," "1661959417," and "1648454956." The defense presented herein seeks a declaratory judgment for non-infringement, arguing that the claims of copyright infringement are without merit and that PersonalizedbyQueen's products do not violate any copyrighted material purportedly owned by Cherry.

17. PersonalizedbyQueen requests the prompt reinstatement of its listings on Etsy, emphasizing the significant financial and reputational harm caused by the suspension. The defense underscores the legal and factual bases negating the infringement claims and asserts the rights of PersonalizedbyQueen to continue its lawful business activities without undue interference.

18. The current dispute with Cherry highlights the challenges faced by small, independent businesses operating in online marketplaces. PersonalizedbyQueen seeks a declaratory judgment of non-infringement to resolve this matter promptly and fairly, enabling the reinstatement of its Etsy listings and the continuation of its business operations without further disruption.

## IV. **THE PRESENT DISPUTE**

19. On a date preceding the legal action, PersonalizedbyQueen received a letter from Etsy. **Exhibit A**. The letter claimed that PersonalizedbyQueen's products infringed upon Cherry's copyright rights. The communication specifically alleged that PersonalizedbyQueen's use of certain design elements in their personalized items was too similar to those protected under Cherry's copyright, leading to potential customer confusion and unauthorized benefit from Cherry's brand.

20. Cherry failed to provide any explanation to PersonalizedbyQueen regarding how the Copyright infringement occurred.

21. In response to the allegations, PersonalizedbyQueen reviewed their product listings and design elements, ensuring that their offerings did not infringe on any copyrighted or trademarked material. Despite efforts to Etsy to clarify the distinctiveness of their products, the dispute with Cherry remained unresolved, leading to the suspension of PersonalizedbyQueen's listings on Etsy.

22. PersonalizedbyQueen is concerned that without a clear resolution, the dispute may continue to negatively impact their business, leading to further financial losses and damage to their reputation. The letter from Etsy have placed significant pressure on PersonalizedbyQueen to alter their business practices without substantive evidence of infringement.

## V. CLAIMS FOR RELIEF

### CLAIM ONE

**(Invalidity of Copyright Claims, 17 U.S.C. § 101 et seq.)**

23. PersonalizedbyQueen incorporates by reference the allegations contained in paragraphs 1 through 20, inclusive, as if fully set forth herein.

24. This is a declaratory judgment under the United States Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act"), and the Declaratory Judgment Acts, 28 U.S.C. §§ 2201 and 2202.

25. A justiciable controversy exists since the infringement notice prevented Plaintiff from selling, advertising, and distributing the products in the listing that Plaintiff invested thousands of dollars in advertisement fees, based on allegations of copyright infringement by Cherry. PersonalizedbyQueen seeks judicial relief to resolve this dispute and affirms their rights to continue their business operations in the specific listings.

26. PersonalizedbyQueen requests this Court to issue an order declaring that the alleged copyrights asserted by Cherry, specifically regarding the use of certain design elements and the conceptual similarity of products, are invalid and unenforceable for, among other reasons, the following:

*a. Lack of originality:* The design elements and conceptual themes alleged to be copyrighted do not meet the originality and creativity standards required for copyright protection. The Copyright Act protects original works of authorship fixed in any tangible medium of expression, providing such works possess some minimal degree of creativity. The disputed elements, as described by Cherry, are either too generic or widely used in the industry to be considered original or possess the requisite creativity for copyright protection.

Furthermore, pursuant to 37 C.F.R. § 202.1(a), copyright protection does not extend to names, titles, short phrases, or simple variations of typographic ornamentation, lettering, or coloring. These categories are expressly identified as not subject to copyright protection or registration. The disputed design elements and product themes, as claimed by Cherry, fall within these categories, thereby rendering any copyright claims over such elements invalid and unenforceable.

*b. Absence of Direct Proof of Copyright Ownership:* Cherry has not provided conclusive evidence of copyright ownership for the design elements cited in the

infringement notice. The ownership of the designs in question remains unclear, undermining the credibility and enforceability of the copyright claim.

c. **Distinctiveness of Works**: A critical examination of the works reveals significant differences in their conceptual basis and visual elements. In the context of the provided images which represent the defendant's and plaintiff's products, it's evident that the two T-shirts exhibit distinct visual elements, text, and overall design composition, which substantiates the argument for non-infringement of copyright claims.



The Defendant's Product



The Plaintiff's Product

27. The defendant's product features the text in a gold, script typeface, indicating that the text is subject to change based on customer preference. The images on the T-shirt are arranged in a loose, collage-like format, with no specific thematic background, other than a generic, unadorned backdrop.

28. Conversely, the plaintiff's product displays the text in a bold, gothic font, with a distinct graphic background that includes lightning and a stylized aura. The images of the individual are edited with a red overlay and arranged in a pattern that forms a circle around the central text, which differs significantly from the layout on the defendant's shirt.

29. Cherrycatshop is an online retail entity specializing in the sale of tshirt merchandise. **See, Exhibit D.** The business model of Cherry hinges on its operation through an e-commerce platform, facilitating the distribution of a wide range of tshirt prominently featuring categories like custom apparel, occasion-specific items, and sports shirts. Cherrycatshop claims rights to certain designs or products that it alleges have been copied by PersonalizedbyQueen.

30. However, copyright law does not protect ideas, concepts, or methodologies but rather the expression of those ideas. The aesthetic and background design of PersonalizedbyQueen's products significantly differ from those claimed by Cherry, indicating no direct copying or derivation.

31. PersonalizedbyQueen contends that the subsequent actions taken by Cherry are based on an erroneous interpretation of copyright law and an overextension of copyright protection to elements that are not eligible for such protection.

32. Through this claim for relief, PersonalizedbyQueen seeks judicial confirmation of the non-infringement of Cherry's alleged copyrights, thereby enabling the reinstatement of their suspended Etsy listings and the continuation of their lawful business practices.

## CLAIM TWO

**(Declaratory Judgment of Non-infringement of Copyrights, 17 U.S.C. § 101 et seq.)**

33. PersonalizedbyQueen incorporates by reference the allegations contained in paragraphs 1 through 30, inclusive, as if fully set forth herein.

34. This is a declaratory judgment under the United States Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act"), and the Declaratory Judgment Acts, 28 U.S.C. §§ 2201 and 2202. A real and justiciable controversy has arisen from the credible threat and the demand from Saurabh Srivastava, trading as Cherrycatshop, to cease the use and sale of PersonalizedbyQueen's products based on alleged copyright infringement. Consequently, PersonalizedbyQueen seeks relief from this court.

35. PersonalizedbyQueen is entitled to a declaratory judgment affirming that their products do not infringe upon any valid copyright claimed by Cherry, particularly regarding the use of certain design elements or themes within their personalized items. PersonalizedbyQueen maintains that their creations are original, do not replicate any copyrighted material owned by Cherry, and thus do not violate any of his copyright rights.

36. PersonalizedbyQueen is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any valid Copyright owned by Cherry.

37. Cherry`s claim lacks a clear demonstration of valid copyright ownership, particularly as it pertains to the design cited in the infringement notice.

38. The distinction between the works of PersonalizedbyQueen and those claimed by Cherry is evident, primarily in their conceptual basis and visual elements. The expression of ideas presented by PersonalizedbyQueen's products is markedly different from any work that Cherry claims to own, and the background design specifically does not infringe on Cherry's alleged copyrights.

39. An actual, present, and justiciable controversy has arisen between PersonalizedbyQueen and Cherry, concerning PersonalizedbyQueen's right to use generic design elements and common phrases in their product offerings without infringing upon Cherry's alleged copyrights.

40. PersonalizedbyQueen seeks a declaratory judgment from this Court stating that their use of generic design elements, common phrases, and the overall conceptual themes of their products do not constitute copyright infringement. This declaration would affirm PersonalizedbyQueen's right to continue its business operations and reinstate its Etsy listings without the threat of legal action based on unfounded claims of infringement.

41. PersonalizedbyQueen requests this Court to declare their operations and product offerings as non-infringing on any valid copyrights held by Cherry thereby allowing them to continue their business without the threat of unwarranted legal challenges.

### CLAIM THREE

**(Declaratory Judgment of Unfair Competition Due to Defendant's Actions)**

42. Plaintiff PersonalizedbyQueen repeats and realleges paragraphs 1 through 39 hereof, as if fully set forth herein.

43. As a direct consequence of Defendant Cherry, unfounded legal actions and public allegations, Plaintiff PersonalizedbyQueen contends that it has been subjected to unfair competition. Cherry's claims have imposed undue constraints on PersonalizedbyQueen's ability to conduct business, leading to financial losses and reputational damage due to the unwarranted suspension of its Etsy listings.

44. The controversy happened by Defendant Cherry's accusations holds sufficient immediacy and reality that warrants the issuance of a declaratory judgment. Such a judgment is sought to affirm that the unfair competitive conditions have been instigated by Cherry's actions, not by any conduct of PersonalizedbyQueen.

45. Cherry's conduct, including but not limited to the issuance of baseless infringement notices and the consequent suspension of PersonalizedbyQueen's product listings, has disrupted the marketplace's competitive balance by unfairly sidelining PersonalizedbyQueen. This has potentially steered consumers away from PersonalizedbyQueen's products, thereby unfairly benefiting Cherry.

46. Cherry's interference with PersonalizedbyQueen's business and its unfounded claims are the genesis of unfair competition in this scenario. Cherry's actions have created a false narrative of infringement, causing harm to

PersonalizedbyQueen's commercial standing and competitive position in the marketplace.

47. A judicial declaration is necessary and appropriate to establish that it is Cherry's actions that constitute unfair competition against PersonalizedbyQueen, which is entitled to continue its lawful business practices without the shadow of Cherry's uncorroborated accusations.

48. Plaintiff PersonalizedbyQueen is entitled to a declaratory judgment that not only has it not engaged in any unfair competition but also that Cherry's actions and claims have resulted in unfair competition to the detriment of PersonalizedbyQueen. Such a declaration would serve to vindicate PersonalizedbyQueen's business practices and reaffirm its right to compete fairly in the marketplace under 15 U.S.C. § 1125(a), under the pertinent California state law, and under the established common law principles of unfair competition.

## PRAYER FOR RELIEF

**WHEREFORE,** PersonalizedbyQueen respectfully requests that this Court grant the following relief:

1. An order declaring that the alleged copyrights claimed by Saurabh Srivastava, trading as Cherrycatshop, particularly regarding the use of design elements and themes are invalid and unenforceable.

2. An order declaring that the design elements and product themes

claimed by Cherry, which are generic and widely used in the industry, do not meet the originality and creativity standards required for copyright protection, and are further excluded from protection as they fall under the categories identified in 37 C.F.R. § 202.1(a) as not subject to copyright.

3. An order declaring that Cherry has not provided conclusive evidence of copyright ownership, particularly regarding the design elements specified in the infringement notice, thus undermining the credibility and enforceability of the copyright claim.

4. An order declaring that PersonalizedbyQueen has not infringed Cherrycatshop`s copyright;

5. An order for the prompt reinstatement of PersonalizedbyQueen's Etsy listings to alleviate the ongoing financial losses and to prevent further harm to PersonalizedbyQueen's reputation and business operations.

6. An order declaring that the alleged copyrights claimed by Cherrycatshop are invalid and unenforceable.

7. An order declaring that Defendant has violated unfair competition in violation of 15 U.S.C. § 1125(a) or California Law;

8. An order awarding PersonalizedbyQueen attorneys' fees, costs, and expenses incurred in connection with this action.

9. An order granting such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Dated: February 24, 2024

By: /s/Yakup Sari
Yakup Sari, Esq.

Attorney for Plainfiff
Ozkurt Cihan Yildiz

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 18